

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| CANDACE E. HERREN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | 2:16-cv-01308-LSC |
| | ) | |
| LA PETITE ACADEMY, INC., | ) | 2:17-cv-00739-LSC |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM OF OPINION**

## I.   INTRODUCTION

Plaintiff Candace Herren ("Herren" or "Plaintiff") brought this action against her former employer, Defendant La Petite Academy, Inc. ("LPA" or "Defendant"). The Court granted Defendant's Motion for Summary Judgment. (Doc. 97.) Herren filed a Notice of Appeal. (Doc. 99.) The Eleventh Circuit issued a mandate affirming the Court's grant of summary judgment on all claims except for Herren's interference claim under the Family and Medical Leave Act ("FMLA"). (Doc. 114). The Eleventh Circuit remanded the case so that the Court could apply the proper framework for evaluating Herren's FMLA interference claim. The issue

has been fully briefed and is ripe for decision. For the reasons stated below, La Petite's Motion for Summary Judgment (Doc. 73) is due to be GRANTED.

## II. BACKGROUND[1]

In its mandate (Doc. 114), the Eleventh Circuit simply stated that this Court applied the incorrect standard. Thus, this Court may rule on the original motion for summary judgment applying the proper standard. The facts pertaining to this case have been adequately discussed in this Court's Memorandum of Opinion dated May 17, 2019. (*See* Doc. 96).

## III. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact[2] and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute is genuine if "the record taken as a

---

[1] The facts set out in this opinion are gleaned from the parties' submissions of facts claimed to be undisputed, their respective responses to those submissions, and the Court's own examination of the evidentiary record. These are the "facts" for summary judgment purposes only. They may not be the actual facts. *See Cox v. Adm'r U.S. Steel & Carnegie Pension Fund*, 17 F.3d 1386, 1400 (11th Cir. 1994). The Court is not required to identify unreferenced evidence supporting a party's position. As such, review is limited to exhibits and specific portions of the exhibits specifically cited by the parties. *See Chavez v. Sec'y, Fla. Dep't of Corr.*, 647 F.3d 1057, 1061 (11th Cir. 2011) ("[D]istrict court judges are not required to ferret out delectable facts buried in a massive record . . .").

[2] A material fact is one that "might affect the outcome of the case." *Urquilla-Diaz v. Kaplan Univ.*, 780 F.3d 1039, 1050 (11th Cir. 2015).

whole could lead a rational trier of fact to find for the nonmoving party." *Hickson Corp. v. N. Crossarm Co.*, 357 F.3d 1256, 1260 (11th Cir. 2004). A genuine dispute as to a material fact exists "if the nonmoving party has produced evidence such that a reasonable factfinder could return a verdict in its favor." *Greenberg v. BellSouth Telecomms., Inc.*, 498 F.3d 1258, 1263 (11th Cir. 2007) (per curiam) (quoting *Waddell v. Valley Forge Dental Assocs.*, 276 F.3d 1275, 1279 (11th Cir. 2001)). The trial judge should not weigh the evidence but should determine whether there are any genuine issues of fact that should be resolved at trial. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

In considering a motion for summary judgment, trial courts must give deference to the nonmoving party by "view[ing] the materials presented and all factual inferences in the light most favorable to the nonmoving party." *Animal Legal Def. Fund v. U.S. Dep't of Agric.*, 789 F.3d 1206, 1213–14 (11th Cir. 2015) (citing *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)). However, "unsubstantiated assertions alone are not enough to withstand a motion for summary judgment." *Rollins v. TechSouth, Inc.*, 833 F.2d 1525, 1529 (11th Cir. 1987). Conclusory allegations and a "mere scintilla of evidence in support of the nonmoving party will not suffice to overcome a motion for summary judgment." *Melton v. Abston*, 841 F.3d 1207, 1219 (11th Cir. 2016) (per curiam) (quoting *Young v. City of Palm Bay*, 358 F.3d

859, 860 (11th Cir. 2004)). In making a motion for summary judgment, "the moving party has the burden of either negating an essential element of the nonmoving party's case or showing that there is no evidence to prove a fact necessary to the nonmoving party's case." *McGee v. Sentinel Offender Servs., LLC*, 719 F.3d 1236, 1242 (11th Cir. 2013) (per curiam). Although the trial courts must use caution when granting motions for summary judgment, "[s]ummary judgment procedure is properly regarded not as a disfavored procedural shortcut, but rather as an integral part of the Federal Rules as a whole." *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

## IV.   DISCUSSION

The only claim remaining for consideration is Plaintiff's FMLA interference claim. Such a claim is one "in which an employee asserts that his employer denied or otherwise interfered with his substantive rights under the [FMLA]." *Strickland v. Water Works & Sewer Bd. of Birmingham*, 239 F.3d 1199, 1206 (11th Cir. 2001). To establish an FMLA interference claim, a plaintiff is not required to establish the employer's intent but instead "need only demonstrate that he was entitled to but denied the right" to FMLA leave. *Id.* at 1208. "[T]he employer can [then] raise the lack of causation as an affirmative defense" to such a claim. *Spakes v. Broward Cty. Sheriff's Office*, 631 F.3d 1307, 1309 (11th Cir. 2011). To establish this affirmative

defense, the employer must "demonstrate[] that it would have discharged [the] employee 'for a reason wholly unrelated to the FMLA leave.'" *Id.* at 1310 (quoting *Strickland*, 239 F.3d at 1208); *see also Krutzig v. Pulte Home Corp., 602 F.3d 1231, 1236 (11th Cir. 2010)*"("[T]he right to commence FMLA leave is not absolute, and . . . an employee can be dismissed, preventing her from exercising her right to commence FMLA leave, without thereby violating the FMLA, if the employee would have been dismissed regardless of any request for FMLA leave.").

In its mandate, the Eleventh Circuit stated that this Court,

> initially noted—consistent with our precedent—that motive is not relevant to the showing that Herren is required to make to establish her FMLA interference claim. It then stated that the interference claim 'fails as a matter of law' if Herren 'was terminated for reasons unrelated to her FMLA leave request.' But in concluding that Herren was indeed terminated for reasons unrelated to her leave request, the district court relied on its analysis—using the *McDonnell Douglas* framework—of Herren's FMLA retaliation claim. This was error.

(Doc. 114-1 at 11-12). Accordingly, this Court now addresses whether Herren was terminated for reasons unrelated to her FMLA leave request based upon the facts presented at summary judgment.

Herren asserts that she was entitled to, but denied, her right to FMLA leave. LPA has raised lack of causation as an affirmative defense. (Doc. 74 at 41). As such, the burden falls on LPA to demonstrate that they would have discharged Herren for

reasons wholly unrelated to the FMLA leave. *Spakes*, 631 F.3d at 1309. In this case, LPA has adequately demonstrated that Herren's termination was not due to her application for FMLA leave.

LPA approved Herren for intermittent FMLA leave from March 17, 2015, to March 17, 2016. After Herren's childcare center was issued two deficiency reports in January 2016 from the Alabama Department of Human Resources, Child Care Services Division ("DHR") for failure to comply with certain childcare center standards, LPA issued Herren a written disciplinary action and performance improvement plan on February 29, 2016. This document, which Herren signed, stated that Herren "under[stood] that failure to maintain or sustain acceptable levels of performance, behavior, or conduct may result in further action, up to and including separation of employment." (*See* Doc. 72–28 at 2). Herren's center received two additional DHR deficiency reports in April 2016.

LPA then placed Herren on administrative leave on April 26, 2016, pending further investigation. On April 27, 2016, Herren submitted FMLA paperwork and requested leave from April 27, 2016, to June 24, 2016. On May 2, 2016, LPA terminated Herren's employment. The decision to terminate Herren's employment was made by LPA's Divisional VP of Operations, Southeast Division, Cindy

Lehnhoff ("Lehnhoff").³   Lehnhoff testified that she terminated Herren's employment due to multiple DHR deficiency reports, failure to provide a safe environment for children, violation of company policies, failure to satisfy her job duties and responsibilities, and failure to improve her performance after receiving a written performance improvement plan. (Doc. 72–10 at 5, 10, 13–15, 23, 32, 68). La Petite also presented evidence that at least two other directors were terminated for receiving multiple deficiency reports.

Here, Herren was placed on administrative leave, pending further investigation, before she applied for FMLA leave. Because LPA began the process of terminating Herren before she ever requested FMLA leave due to poor job performance, LPA has demonstrated that Herren's employment was terminated for reasons wholly unrelated to the FMLA leave. *See LaFleur v. Hugine*, 587 Fed. App'x 536, 541 (11th Cir. 2014) (affirming a grant of summary judgment because the employer's decision to terminate the plaintiff was made prior to the request of FMLA leave).⁴ The mere fact that Herren submitted her renewed application for

---

³ Herren failed to contest that Lehnhoff was the final decisionmaker.

⁴ Federal Appendix cases are unpublished Eleventh Circuit opinions and are not considered binding precedent, but they may be cited as persuasive authority. 11th Cir. R. 36-2; *Henry v. Comm'r of Soc. Sec.*, 802 F.3d 1264, 1267 n.1 (11th Cir. 2015) (per curiam) ("Cases printed in the Federal Appendix are cited as persuasive authority.").

FMLA leave on April 27, 2016, and La Petite terminated Herren's employment less than a week later, on May 2, 2016, does not raise an issue of material fact sufficient to submit Herren's FMLA claim to a jury. La Petite has presented sufficient evidence that Lehnhoff was the final decision maker as to Herren's termination and, viewing the evidence in the light most favorable to Herren, that Lehnhoff terminated Herren's employment "for a reason wholly unrelated to the FMLA leave." *Spakes*, 631 F.3d at 1310. Accordingly, LPA's Motion for Summary Judgment (Doc. 73) is due to be GRANTED as to Herren's FMLA claim.

## V. CONCLUSION

For the reasons stated above, La Petite's Motion for Summary Judgment (Doc. 73) is due to be GRANTED. An Order consistent with this opinion will be entered contemporaneously herewith.

**DONE** and **ORDERED** on April 22, 2022.

L. Scott Coogler
United States District Judge

206770